IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00609-BNB

JASON SEADER,

    Plaintiff,

v.

SCOTT STOREY,
THOMAS M. JACKSON,
AMY RUPPECK,
JANE DOE, and
JOHN DOE,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Jason Seader, is a prisoner in the custody of the Colorado Department of Corrections at the Arrowhead Correctional Center in Cañon City, Colorado. Mr. Seader has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that Defendants violated his rights under the United States Constitution. He seeks damages as relief.

    Mr. Seader has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims Mr. Seader asserts are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action as

legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Seader is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*.

Mr. Seader's claims in this action arise out of his appearance before a grand jury in Jefferson County, Colorado, on March 4, 2011. Mr. Seader alleges that he did not appear before the grand jury voluntarily, he was denied the opportunity to speak with counsel prior to and during his grand jury appearance, and he was compelled and coerced into making incriminating statements during his grand jury appearance. Mr. Seader further alleges that he was indicted by the grand jury on March 22, 2011, and that the indictment was dismissed by the district court on September 2, 2011. Part of the relief Mr. Seader seeks is an award of damages for two periods of detention at the Jefferson County Jail he contends are relevant to the grand jury indictment. The two periods include five days in March 2011 immediately after he appeared before the grand jury and 152 days from April 4, 2011, when he was returned to the Jefferson County Jail following his indictment, until September 2, 2011, when the indictment was dismissed.

Mr. Seader's claims for damages for his allegedly wrongful confinement at the Jefferson County Jail the are legally frivolous and must be dismissed because the

claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Although Mr. Seader is not challenging the validity of a conviction or sentence, the rule in *Heck* also applies to other claims that challenge the validity of the length of an inmate's confinement. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation). In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

As noted above, Mr. Seader asserts that the indictment that resulted in the allegedly wrongful confinement at the Jefferson County Jail was dismissed on September 2, 2011. However, he fails to mention that the district court's judgment dismissing the indictment was reversed on appeal and that the case was remanded with directions to reinstate the indictment. *See People v. Seader*, 292 P.3d 1193 (Colo. App. 2012). Because the indictment was reinstated, Mr. Seader has not demonstrated that the allegedly wrongful confinement has been invalidated. Therefore, the Court finds that Mr. Seader's claims for damages are barred by the rule in *Heck* and must be

dismissed to the extent he seeks damages based on the allegedly wrongful confinement at the Jefferson County Jail.

The Court also finds that Mr. Seader's claims in the Prisoner Complaint are legally frivolous and must be dismissed because he fails to allege specific facts to support those claims. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

Mr. Seader fails to allege specific facts in support of his claims that he was forced to appear before the grand jury involuntarily, was denied counsel, and was compelled and coerced to make incriminating statements. Furthermore, Mr. Seader's vague and conclusory assertions that he was forced to appear before the grand jury involuntarily, that he was denied counsel, and that he was compelled and coerced to make incriminating statements are contradicted by the facts set forth in the decision of the Colorado Court of Appeals that reversed the judgment of the Jefferson County District Court and reinstated the indictment. In relevant part, the Colorado Court of Appeals described Mr. Seader's appearance before the grand jury as follows:

> ¶ 2 Defendant was being held at the City and County of Denver Jail on an unrelated matter. It was undisputed that the Jefferson County authorities executed a transport writ so that he could be taken to Jefferson County Jail in order to testify before a Jefferson County grand jury. It was also

undisputed that defendant was never served with a grand jury subpoena.

¶ 3 After defendant arrived at the Jefferson County Jail, a district attorney investigator met with him. The investigator informed defendant that he had been transferred to answer questions before a grand jury, if he chose to do so, and that he should consider "helping himself." Defendant asked to speak with an attorney, but the investigator told defendant he would need to make his own arrangements to do so.

¶ 4 Two district attorney investigators then had defendant released to their custody, and together they transported defendant in handcuffs and shackles to the grand jury waiting area inside the district attorney's office.

¶ 5 There, a deputy district attorney told defendant that he was likely to be charged by the grand jury and that he might be able to help himself if he testified. The deputy district attorney informed defendant that (1) he was not under subpoena to testify, (2) he could choose not to testify, (3) anything he said could be used against him, and (4) if he chose to proceed without an attorney, he would do so voluntarily. Defendant did not speak with an attorney, and no plea agreement was reached.

¶ 6 After this discussion, defendant was brought inside the grand jury room. Before defendant testified regarding the matter under investigation, the following exchange took place:

> DISTRICT ATTORNEY: You are not under subpoena here today; is that correct?
>
> DEFENDANT: Correct.
>
> DISTRICT ATTORNEY: You are here of your own free will and volition, meaning that although you wouldn't be able to walk away from custody, you don't have to be in here and you know that?
>
> DEFENDANT: Yes.
>
> DISTRICT ATTORNEY: You know and we

> talked about the fact that anything you say in here can be used against you?
>
> DEFENDANT: Yes.
>
> DISTRICT ATTORNEY: And that you could – I think at one point you indicated that you may want to consult with an attorney, but you decided to go forward without an attorney; is that correct?
>
> DEFENDANT: Yes.
>
> DISTRICT ATTORNEY: You and I, at this point, do not have any plea bargain agreements or deals in place that would say, if you came in and testify, here's what we're going to do for you?
>
> DEFENDANT: Right.
>
> DISTRICT ATTORNEY: But I have told you that we will treat you like every other witness who comes in an cooperates, in that we will factor into what happens here – and I can't promise you what is or what is not going to happen – we will factor into whatever happens, your cooperation.
>
> That's what we talked about; is that right?
>
> DEFENDANT: Yes.
>
> ¶ 7 Defendant testified before the grand jury regarding his involvement in the theft and sale of certain brass cemetery vases and sprinkler parts. The grand jury subsequently returned an indictment against him.

*Seader*, 292 P. 3d at 1194.

Because Mr. Seader's assertions that he was forced to appear before the grand jury involuntarily, that he was denied counsel, and that he was compelled and coerced to make incriminating statements are not supported with specific factual allegations and,

in fact, are contradicted by the facts set forth in the state court decision quoted above, those assertions will not support an arguable claim for relief.  Therefore, the Court finds that Mr. Seader's claims in the Prisoner Complaint are legally frivolous and must be dismissed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   28th   day of     March     , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court